**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

---

**ORBIS CORPORATION,**

           **Plaintiff,**

**vs.**                                                           Case No. 2:12-cv-01073

**REHRIG PACIFIC COMPANY,**

           **Defendant.**

---

## RULE 26(f) REPORT

---

Plaintiff Orbis Corporation ("Orbis"), by its counsel, Ungaretti & Harris LLP, and Defendant Rehrig Pacific Company ("Rehrig"), by its co-counsel, Carlson, Gaskey & Olds, P.C. and O'Neil, Cannon, Hollman, DeJong & Laing S.C., hereby file this Rule 26(f) Report as required by Rule 26(f)(2) and the Court's Notice of Rule 16(b) Telephone Scheduling Conference dated November 16, 2012.

**A.**      **BRIEF SUMMARY OF NATURE OF CASE**

Orbis's Complaint contains one cause of action against Rehrig relating to an alleged infringement of Orbis's patent. Specifically, Orbis alleges that Rehrig has infringed U.S. Patent No. 6,273,259 through Rehrig's sale of its bakery trays. Orbis adds that this infringement was willful. Rehrig denies any infringement and asserts that Orbis's patent is invalid.

**B.**      **RULE 26 INFORMATION**

      1.      **Rule 16(b) Scheduling Conference**. A Rule 16(b) Scheduling Conference has been scheduled by the Court for December 7, 2012 at 9:30 a.m.

2.    **Rule 26(f) Conference**.    On November 30, 2012, counsel for the parties participated in a conference call to discuss the matters set forth in Rule 26(f)(2) and (3). Participating in the conference call were Attorney Lisa Sullivan for Orbis and Attorneys Steven Susser, John Carlson and Grant Killoran for Rehrig.  The conference call lasted approximately 45 minutes.

During the conference call, counsel discussed the nature of the case and the bases of their claims and defenses, the possibility for promptly settling or resolving the case, the subject of preserving discoverable information (including electronically stored information), and various other matters.  They also made arrangements for providing the initial disclosures required by Rule 26(a)(1) and developed a proposed discovery plan.

3.    **Possibility of Settlement**.  During the Rule 26(f) Conference, counsel concluded that it is premature to discuss settlement at this time, prior to at least some limited discovery being conducted, although counsel for Orbis will consider whether Orbis is interested in making a settlement demand on Rehrig in the near future.  The parties will continue to discuss and consider settlement of this case, as well as participation in mediation before a Magistrate Judge or an agreed upon private mediator.

4.    **Rule 26(a)(1) Initial Disclosures**.  During the Rule 26(f) Conference, counsel agreed that the parties simultaneously will exchange the initial disclosures required by Rule 26(a)(1) on December 14, 2012.

5.    **Potential Need for Protective Order.**  During the Rule 26(f) Conference, counsel discussed that a protective order will be necessary to protect the confidentiality of certain documents and information in this case, and agreed to work together to draft a stipulated protective order consistent with Rule 26(c) and Civil Local Rule 26(e).

6.      **Proposed Discovery and Briefing Plan.**  During the Rule 26(f) Conference, counsel agreed that the following proposed discovery and briefing plan is appropriate in this case:

| | | |
|---|---|---|
| * | Rule 26(a)(1) Disclosures: | December 14, 2012 |
| * | Discovery Commences: | December 14, 2012 |
| * | Orbis's Preliminary Infringement Contentions: | January 4, 2013 |
| * | Rehrig's Preliminary Invalidity, Unenforceability and Non-Infringement Contentions: | January 25, 2013 |
| * | Claim Construction Dates: | |

* * Simultaneous Exchange of Claim Terms for Claim Construction and Proposed Claim Constructions:     February 15, 2013

* * Meet and Confer regarding Claim Construction:     February 22, 2013

* * Responses to Proposed Claim Constructions:     March 1, 2013

* * Joint Claim Construction Chart:     March 8, 2013

* * Both Parties' Opening Claim Construction Briefs:     April 2, 2013

* * Both Parties' Responsive Claim Construction Briefs:     April 23, 2013

* * Claim Construction Hearing (1 day):     May 16, 2013

The parties request the Court's guidance on its preferences, if any, regarding the format for the Claim Construction hearing, including preferences regarding use of technology, live testimony and expert testimony.

* Supplemented and Final Infringement, Invalidity and Unenforceability Contentions:   21 days after the Court's Claim Construction ruling

* Supplemented and Final Non-Infringement, Validity, Enforceability and Inequitable Conduct Contentions:   35 days after the Court's Claim Construction ruling

* Fact Discovery Cut-Off Date:   90 days after the Court's Claim Construction ruling

* Affirmative Expert Witness Disclosures/Reports (FRCP 26(a)(2)):  60 days after the Court's Claim Construction ruling

3

\*      Rebuttal Expert Witness Disclosures/Reports:  105 days after the Court's Claim Construction ruling

\*      Expert Discovery Cut-Off Date:  150 days after the Court's Claim Construction ruling

\*      Dispositive Motion Cut-Off Date:  180 days after the Court's Claim Construction ruling

\*      Final Pre-Trial Disclosures (FRCP 26(a)(3)):  21 days before Pre-Trial Conference

\*      Exchange of objections to deposition designations and rebuttal deposition designations:  14 days before the Pre-Trial Conference

\*      Exchange of objections to rebuttal deposition designations:  7 days before the Pre-Trial Conference

\*      Motions in Limine:  14 days after exchange of rebuttal deposition designations

\*      Oppositions to Motions in Limine:  7 days after service of Motions in Limine

\*      Pre-Trial Conference                          TBD

\*      Trial                                         TBD

The parties request no further changes with regard to the timing, form, or requirement for disclosures under Rule 26(a), but reserve their right to seek additional interrogatories if necessary.

Defendant proposed that it would be more convenient and cost-effective to bifurcate the liability and damages portions of this case into two separate trials. Plaintiff does not believe that bifurcating the trial into liability and damages portions will be either convenient or cost-effective, and opposes bifurcation. The parties seek the Court's input and guidance on this matter.

All witnesses expected to testify at trial will be disclosed in the pretrial reports in accordance with the deadlines and requirements of Civil Local Rule 16(c)(1)(c).  The parties have not designated a date for the disclosure of lay witnesses, in light of the mandatory requirements of Rule 26(e)(1) obligating a party to supplement the party's initial disclosures

4

under Rule 26(a)(1) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The parties are not permitted to designate a trial witness not previously disclosed in accordance with Rule 26 and the above-referenced agreement of the parties.

The parties agree that they can serve discovery on each other by email as long as that email is sent to the following individuals (as appropriate): Attorneys Roger Stein, Lisa Sullivan and Richard Tilghman (for Orbis) and Attorneys Steven Susser, John Carlson, Grant Killoran and Dean Laing (for Rehrig).

7. **Issues Relating to Discovery of Electronically Stored Information.** The parties are not aware at this time of any issues relating to the disclosure or discovery of electronically stored information that the Court needs to address. The parties agree that documents and other tangible items, including electronically stored information, will be produced in accordance with the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. The parties agree to exchange electronically stored information in either a searchable PDF format or a TIFF format with OCR load files (compatible with Summation for Plaintiff and with Concordance for Defendant), subject to the agreement that a party may request the production of specific documents in native format on a good faith basis. The parties further agree to preserve any native electronic files, *e.g.,* MSWord files, Excel files, PDF files, e-mail archives, etc., in their native format.

8. **Issues Relating to Claims of Privilege or Protection as Trial-Preparation Materials.** The parties are not aware at this time of any issues relating to claims of privilege or of protection as to trial preparation materials. The parties agree that the inadvertent production

or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection.

9.      **Changes in Limitations on Discovery.**  The parties believe it is unnecessary to alter the limits on the number of interrogatories set forth in the Federal and Local Rules.

The parties agree to expand the 10 deposition limit in light of the expected number of fact witnesses to 15 fact depositions for each side, plus depositions of all retained expert witnesses, pending Court approval.

Respectfully submitted,

December 4, 2012                   O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.

By:  /s/ Grant C. Killoran
Grant C. Killoran
Dean P. Laing
O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Phone:  414.291.4733
Fax:  414.276.6581

Steven Susser
John E. Carlson
CARLSON GASKEY & OLDS
Counsel for Defendant
*Admittance pending*
400 West Maple Road, Suite 350
Birmingham, MI 48009
248.283.0734

Co-Counsel for Defendant Rehrig Pacific Company


December 4, 2012                   UNGARETTI & HARRIS LLP

By:  /s/ Lisa C. Sullivan
Lisa C. Sullivan
Richard H. Tilghman
3500 Three First National Plaza

70 West Madison Street
Chicago, IL 60602-4283
Phone:  312.977.4465

Attorneys for Plaintiff Orbis Corporation