UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ORBIS CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>REHRIG PACIFIC COMPANY,<br><br>       Defendant. | Case No. 12-CV-1073-JPS<br><br>ORDER |

  The plaintiff, Orbis Corporation ("Orbis"), filed this patent infringement suit against Rehrig Pacific Company ("Rehrig") on October 22, 2012. Several months thereafter, the Court granted summary judgment in favor of Rehrig, finding Orbis' patent invalid under 35 U.S.C. § 102's on-sale bar. (Docket #72, at 17). The Court thus dismissed the case. (Docket #72, at 17; #73). Rehrig then requested that the Court classify the case as "exceptional" pursuant to 35 U.S.C. § 285, such that it could award attorney fees in Rehrig's favor. (Docket #78). Orbis opposed that motion and appealed the Court's decision. (Docket #84, #86). The Court let the matter rest for a short period while the appeal was pending. Then, on December 11, 2013, the Court received the Federal Circuit's mandate ordering that the appeal be dismissed, pursuant to Rule 42 (b) of the Federal Rules of Appellate Procedure. (Docket #95). Rehrig later filed a letter with the Court to alert it to a recent Federal Circuit opinion that it believes to be relevant; Orbis responded that the opinion should not change the Court's analysis. (Docket #97, #98). In sum, Rehrig's attorney fees motion is fully briefed (Docket #79, #84, #94), and the appeal is no longer pending (Docket #95); the matter is thus ripe for review, and the Court now turns to address it.

1. 35 U.S.C. § 285 STANDARD TO AWARD ATTORNEY FEES

35 U.S.C. § 285, which controls awards of attorney fees in patent cases, provides in full that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In other words, the Court may not award attorney fees to Rehrig unless it first finds that this case is "exceptional."

In *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, the Federal Circuit explained the exceptional case component of § 285 as follows:

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions. *See, e.g., Cambridge Prods. Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050–51 (Fed. Cir. 1992); *Beckman Instruments, Inc., v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless. *Professional Real Estate Investors v. Columbia Pictures Industries*, 508 U.S. 49, 60–61 (1993); *see also Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329–31 (Fed. Cir. 2003).

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). Recently, in *Kilopass Tech., Inc. v. Sidense Corp.*, the Federal Circuit quoted *Brooks Furniture* as setting forth the occurrences that would support an exceptional case finding, and rejected a party's request to depart from that standard. *Kilopass Tech., Inc v. Sidense Corp.*, --- F.3d ----, 2013 WL 6800885, at *6 (quoting *Brooks Furniture*, 393 F.3d at 1381), *13–*14 (rejecting defendant's request to depart from the *Brooks Furniture* standard) (Fed. Cir. Dec. 26, 2013). The Court will, therefore, apply the principles in *Brooks Furniture*, and will

not find that the case is exceptional unless it finds either: (1) inappropriate conduct on Orbis' behalf; or (2) that the litigation was objectively baseless and Orbis brought it in subjective bad faith.

The Court must determine whether Rehrig has established either of those circumstances by "clear and convincing evidence." *See, e.g., Kilopass Tech.*, 2013 WL 6800885, at *11–*13 (a party must "prove exceptionality by clear and convincing evidence.") (citing *Highmark, Inc. v. Allcare Health Management*, 687 F.3d 1300, 1310 (Fed. Cir. 2012); *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010)). Though the origins of the clear and convincing evidence requirement are rather vague, the Federal Circuit nonetheless continues to require that it be applied to motions for attorney fees under § 285. *Kilopass Tech.*, 2013 680085, at *11–*13 (discussing various cases and justifications that support application of the clear and convincing evidence requirement, and ultimately determining that (on remand) the district court must "apply a clear and convincing evidence standard to the exceptionality component of the § 285 inquiry.").

Finally, if the Court determines that the case is exceptional, then the Court must answer two additional questions: whether an award of attorney fees is appropriate in this case; and, if so, what the amount of that award should be. *Highmark*, 687 F.3d at 1308.

2. SUBSTANTIVE ANALYSIS

Rehrig argues that this case is exceptional. In that regard, it asserts that Orbis: (1) engaged in litigation misconduct by continuing litigation after invalidating evidence had come to light (Docket #79, at 6–9); (2) breached its duty of candor in filing and prosecuting the patent at issue, constituting inequitable conduct (Docket #79, at 9–15); and (3) brought this suit with

subjective bad faith, as the suit was objectively baseless from its inception (Docket #79, at 15–20). The first two of those assertions seem to fall under the sort of "inappropriate conduct" discussed in *Brooks Furniture* as a way to establish that this case is exceptional. *See Brooks Furniture*, 393 F.3d at 1381. The third assertion, on the other hand, relates to the alternate path to establishing exceptionality, as described in *Brooks Furniture*: that "absent misconduct in conduct of the litigation or in securing the patent," Rehrig may still establish exceptionality by showing that the litigation was brought in subjective bad faith and is objectively baseless. *See id.* The Court will address each of Rehrig's contentions separately as follows.

2.1 Litigation Misconduct

"[L]itigation misconduct alone may suffice to make a case exceptional." *Monolithic Power Sys., Inc. v. O2 Micro Int'l, Ltd.*, 726 F.3d 1359, 1366 (Fed. Cir. 2013). There is no additional "bad faith" or "objectively baseless" component to a claim of exceptionality due to litigation misconduct. *Id.*, at 1367 ("O2 Micro's arguments challenging the exceptional case determination hinge on its mistaken conviction that there must be an additional 'bad faith' component to litigation misconduct or that vexatiousness may be found only when coupled with the assertion of 'objectively baseless' positions. Additional components are simply not required for an exceptional case finding based on litigation misconduct.").

Of course, an exceptional case assertion on the basis of litigation misconduct may often relate directly to either bad faith or objective baselessness. Simply put, it is logical that litigation misconduct will often occur when the plaintiff has brought an objectively baseless suit or otherwise acted in bad faith.

And, essentially, that forms the basis of Rehrig's argument in this regard: by filing a suit which it later refused to drop despite having notice of the potential that its patent was invalid under the on-sale bar, Orbis acted in bad faith, constituting litigation misconduct. (Docket #79, at 6–9).

It was not misconduct for Orbis to either have filed this suit or having refused to drop the suit. While the Court granted summary judgment in Rehrig's favor, this simply was not a suit that was so clear-cut that Orbis' pursuit of it should be deemed misconduct. While Rehrig points out that there is a raft of evidence that would support Orbis' alleged awareness that its patent was invalid under the on-sale bar, the *legal import* of that evidence would have been unclear without a decision from the Court. The Court acknowledged as much when it noted that it was "[a] much closer question…whether any of [Orbis' pre-critical date actions] constituted a commercial offer for sale." (Docket #72, at 8). Those pre-critical date actions involved receiving a price quote and making two presentations about a potential product. The Court was required to perform a deep analysis, applying the Uniform Commercial Code to each of those actions to determine whether they actually constituted offers. (*See* Docket #72, at 8–13). And, while the Court ultimately disagreed with Orbis' legal contentions, it did not find Orbis' position to be unreasonable in any sense. Certainly, the Court did not find them to be objectively baseless or pursued in bad faith. There was no Federal Circuit law directly on point in Rehrig's favor, and thus the Court believes that Orbis was justified in pursuing this litigation and seeking a summary judgment decision from the Court.

Moreover, this was not a situation in which Orbis employed the sort of questionable tactics described in cases such as *Monolithic Power*, 726 F.3d at 1366–67, or *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1324–26 (Fed. Cir.

Page 5 of 8

Case 2:12-cv-01073-JPS   Filed 01/27/14   Page 5 of 8   Document 100

2011). The litigation was hard-fought, to be sure, and entailed numerous discovery disputes (some of which the Court decided in Orbis' favor). (Docket #35, #45). But, that is often the nature of litigation when all parties involved have difficulty in resolving their differences.

In the end, whatever evidence Rehrig believes should have been sufficient to prompt Orbis to either not bring suit or to drop its claims, the Court finds that such evidence would still have left open reasonable legal questions for Orbis. None of Orbis' litigation tactics were so questionable or abusive as to be termed misconduct.

For these reasons, the Court rejects Rehrig's argument that this case should be deemed exceptional on the basis of Orbis' alleged litigation misconduct.

### 4.2 Inequitable Conduct in Patent Filing and Prosecution

Likewise, the Court must reject Rehrig's claims that this case is exceptional on the basis of inequitable conduct in Orbis' filing and prosecution of the patent.

In arguing that the Court should award attorney fees for Orbis' alleged inequitable conduct in the filing and prosecution of its patent, Rehrig must prove "[b]oth materiality and intent…by clear and convincing evidence. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 669–70 (citing *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988)).

Orbis is correct that Rehrig has failed to allege intent, let alone prove it by clear and convincing evidence. The closest Rehrig comes to alleging intent is its statement in its reply brief that "Mr. Stahl assumed that Buckhorn had been disclosed to the Patent Office and was surprised and disappointed to learn it had not been disclosed." (Docket #94, at 5). But neither that allegation nor any of the facts presented could establish by clear and

Page 6 of 8

Case 2:12-cv-01073-JPS   Filed 01/27/14   Page 6 of 8   Document 100

convincing evidence that Orbis intended to deceive the examiners reviewing its patent. At most, if the Court accepted Rehrig's assertion at face value, Mr. Stahl and Orbis may have accidentally failed to submit information. There is no evidence that the mistake was intentional.

Therefore, the Court rejects Rehrig's argument that this case is exceptional based upon inequitable conduct.

### 4.3 Objective Baselessness and Bad Faith

Finally, the Court must address Rehrig's alternative argument that this case is exceptional because it is objectively baseless and was brought in bad faith. Again, the Court rejects Rehrig's argument.

This question is easily dispatched. It is a "high burden to show by clear and convincing evidence that [a] suit was brought frivolously or that [a] position…was objectively baseless." *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011). To show objective baselessness, Rehrig must show that Orbis' legal position "was so unreasonable that no reasonable litigant could believe it would succeed." *Id.* (citing *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008) ("To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits.")).

Above, the Court already found that Orbis' legal positions were reasonable. The on-sale bar question, which was ultimately dispositive, was a close one, requiring significant discussion by the Court. It was not based upon well-settled legal precedent, but instead required application of various legal principles to unique facts. The Court ultimately disagreed with Orbis' position. But that does not mean that Orbis' position was unreasonable.

Page 7 of 8
Case 2:12-cv-01073-JPS   Filed 01/27/14   Page 7 of 8   Document 100

Therefore, Orbis' pursuit of this action was not objectively baseless, and Rehrig cannot establish its alternative argument that this case was exceptional.

3. CONCLUSION

For the reasons set forth above, the Court cannot find that this case is exceptional. Accordingly, an award of attorney fees under § 285 would be inappropriate, and the Court is obliged to deny Rehrig's motion in that regard.

Finally, the Court must address the outstanding motions to seal (Docket #76, #85). With those motions, the parties request that the Court seal certain sensitive materials. The Court has reviewed those materials and finds that there is good cause to seal the documents as requested by the parties. The requests to seal are not overly broad. Moreover, the Court has not received any objections to the motions to seal. Therefore, the Court will grant the parties' motions to seal.

Accordingly,

IT IS ORDERED that Rehrig's motion for classification of this case as exceptional (Docket #78) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the parties' motions to seal (Docket #76, #85) be and the same are hereby GRANTED.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge